UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>And the STATE OF INDIANA,<br><br>Plaintiffs,<br><br>THE MERIDIAN HEALTH &<br>WELLNESS, INC.,<br><br>Defendant.<br><br>KENYA D. FOWLER,<br><br>Relator. | CIVIL ACTION NO.: 1:20-cv-01525-JPH-MJD<br><br>**UNDER SEAL** |

**AMENDED COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT and THE INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT**

**I.  INTRODUCTION**

1. *Qui Tam* relator Kenya D. Fowler ("Kenya" or "Relator") brings this action on behalf of the United States, and herself against her former employer, Meridian Health & Wellness, Inc., d/b/a The Prather Practice, to recover damages and civil penalties under the federal False Claims Act, 31 U.S.C. § 3729 et. seq. ("the FCA") and Indiana's False Claims and Whistleblower Protection Act, Ind. Code § 5-11-5.5-1 et. seq. ("the Indiana Act").

**II.  JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1331 upon the Plaintiff's action pursuant to 31 U.S.C. § 3729, et. seq., and the Indiana False Claims and Whistleblower Protection Act, Ind. Code § 5-11-5.5-1, et. seq.

1

3. Venue of this action is premised under 28 U.S.C. § 1391 because the violations and transactions giving rise to Plaintiff's action occurred in Indianapolis, Indiana in the Southern District of Indiana.

4. The facts and circumstances alleged in this Complaint have not been publicly disclosed in a federal, criminal, civil or administrative hearing in which the Government or its agent is a party; in a Government Accountability Office, or other federal report, hearing audit, or investigation; or in the news-media.

5. Relator is the original source of the information upon which this Complaint is based, as that term is used in the False Claims Act.

6. Prior to filing this action, Relator voluntarily disclosed to The United States of America the information on which her allegations are based. Should there have been public disclosure of any aspect of these allegations prior to the filing of this action. Relator has knowledge that is independent of and materially adds to the publicity disclosed allegations or transactions.

### III. PARTIES

7. The real party in interest to the claims alleged herein is The United States of America.

8. Relator, Kenya, is a resident of Indianapolis, Indiana. She received an Associate Degree in Applied Health and Sciences at Brown Mackie University in 2015; met all educational and accreditation requirements for licensure as an occupational therapist assistant in Indiana; and has been licensed as an occupational therapist assistant in the State of Indiana since 2016. Kenya was employed by the Defendant, Meridian Health and Wellness, Inc., beginning in January, 2019 until June 17, 2019.

9. During her employment, Kenya was forced to perform, without lawful supervision or participation by an occupational therapist, the services of an occupational therapist, as defined by Indiana law and recognized nationally by the National Board of Occupational Therapy.

10. Defendant, Meridian Health and Wellness, Inc. ("Meridian Health and Wellness"), is a domestic corporation, incorporated under the laws of Indiana on June 7, 2012. Meridian Health and Wellness initially operated under the assumed name Meridian Massage. March 17, 2015 is when it began operating under the assumed name The Prather Practice.

11. Meridian Health and Wellness has operated its business at all relevant times at 8902 North Meridian, Suite 101, Indianapolis, Indiana 46260.

12. At all relevant times Robert C. Prather, D.O. ("Dr. Prather") has served as President and his wife, Lisa Marie Prather ("Lisa Prather"), has served as Vice President of Meridian Health and Wellness.

**IV.   FEDERAL RULE OF CIVIL PROCEDURE 9(b) ALLEGATIONS**

13. Some of the factual information necessary to prove the allegations alleged in this Complaint is exclusively in the possession of the Meridian Health and Wellness, The United States of America.

14. Kenya was employed by the Meridian Health and Wellness from January, 2019 until June 17, 2019 and is personally aware that Meridian Health and Wellness submitted false claims to Medicare for occupational therapy services.  The claims were false because the services were not rendered by a licensed occupational therapist or supervised by an occupational therapist so that the services could be lawfully billed and paid by Medicare.  Moreover, Meridian Health and Wellness unlawfully billed the services of non-occupational therapy assistants.

Despite this failure, Meridian Health and Wellness falsely billed for these services as if they had complied with Medicare statutes, regulations, rules and policies.

15. The allegations made in this Amended Complaint are based upon Kenya's personal belief, knowledge and a reasoned factual basis, despite not having all records and details.

16. Meridian Health and Wellness structured its business in a way that patients were deprived of appropriate care and supervision but in a manner that led to hundreds of false Medicare claims.

V. **LEGAL AND REGULATORY BACKGROUND**

17. The False Claims Act, 31 U.S.C.§ 3729(a)(1)(A) and (B), imposes liability upon, *inter alia,* those who knowingly present or cause to be presented false claims for payment or approval, and those who make or use, or cause to be made or used, false records or statements material to a false claim. Violators are liable to The United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages sustained by the government. 31 U.S.C. § 3729(a)(1).

18. Employees who have been discharged, demoted, suspended, threatened, harassed, or in any manner discriminated against in terms and conditions of employment, because of lawful acts in furtherance of efforts to stop violations of the False Claims Act, are entitled to relief necessary to be made whole. 31 U.S.C. § 3730(h).

19. On July 30, 1965, the Medicare program was established under Title XVIII of the Social Security Act to provide health insurance to people age 65 and older, regardless of income or medical history. Medicare was created by 42 U.S.C. § 1395 et. seq. and federal regulations at 42 C.F.R. § 400 et. seq. 42 U.S.C. § 1320a-7a, Section 1128(A)(1)(A) and (B) makes it unlawful

to submit for reimbursement services that the person knows or should know is not reimbursable, false or fraudulent.

20. Meridian Health and Wellness, as a Medicare participant provider, was required to sign a certification statement certifying:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to me or to the organization listed in Section 4A of this application. The Medicare laws, regulations and program instructions are available through the Medicare Administrative Contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations and program instructions (including, but not limited to, the Federal Anti-Kickback Statute 42 U.S.C. § 1320a-7b(b) (Section 1128(B)(b) of the Social Security Act) and the physician-referral law (Stark Law), 42 U.S.C. § 1395nn (Section 1877 of the Social Security Act).

21. Meridian Health and Wellness, as a Medicare participant provider, was required to certify:

> "I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare and will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity."

22. Meridian Health and Wellness, as a Medicare participant provider, certified on each CMS 1500 form, as follows:

> "I certify that the services listed above were medically indicated and necessary to the health of this patient and were personally furnished by me or my employee under my personal direction."

23. Moreover, Meridian Health and Wellness, as a Medicare participant provider, certified on each CMS 1500 form, as follows:

> "NOTICE: This is to certify that the foregoing information is true, accurate and complete. I understand that payment and satisfaction of this claim will be from Federal and State funds, and any false claims, statements or documents, or concealment of a material fact may be prosecuted under applicable Federal or State laws."

24. The IHCP reimbursement for occupational therapist and occupational therapist assistants, pursuant to 405 IAC 5-22-11, are subject to the following restrictions:

5

> "(1) Occupational therapy services must be performed by a licensed occupational therapist or by a licensed occupational therapist assistant under the supervision of a licensed occupational therapist. An evaluation must be performed by a licensed occupational therapist in order for reimbursement be made . . . ."

25. Indiana limits the services of an occupational therapist assistant who may only contribute to the screening and evaluation, development and implementation of an intervention plan, monitoring and documentation of progress and discharge of patient, except under the supervision of an occupational therapist. 844 IAC 10-5-5. The occupational therapy assistant may not independently develop the intervention plan or initiate treatment. 844 IAC 10-5-5.

26. Pursuant to 42 C.F.R. § 485.713, federal regulation regulates medical reimbursement for the services of an occupational therapist and occupational therapist assistant. In essence, the services of occupational therapist assistants when providing covered therapy benefits are included as part of the covered service. These services are billed by the supervising occupational therapist. The occupational therapist assistants may not provide evaluation services, make clinical judgments or decisions, or perform discharge services except under the direct supervision of an occupational therapist. They act at the direction and under the supervision of the treating occupational therapist and in accordance with state laws. Moreover, Medicare requires supervision of occupational therapist assistants pursuant to state or local law. See paragraphs 24 and 25 above which describe Indiana supervision requirements of occupational therapist assistants. Medicare requires direct supervision of an occupational therapist assistant by an occupational therapist in a private practice setting.

27. The following conditions apply to occupational therapist assistants for reimbursement of services in a private practice under Medicare licensed in the state where she practices and (2) under the direct supervision of an occupational therapist. 42 C.F.R. §

410.59(c)(1)(i) and (2).

28.     At all relevant times, Kenya was performing services for Meridian Health and Wellness as an occupational therapist assistant without the supervision required by Indiana regulations and 42 C.F.R. § 410.59(c)(1)(i) and (2).

29.     Meridian Health and Wellness was required to perform the services such as patient's initial evaluations, re-evaluations, and evaluations requiring interpretations and discharge services by an occupational therapist assistant under the direct supervision of an occupational therapist assistant.

30.     Kenya complained to Lisa Prather and others at Meridian Health and Wellness about this practice and she told Kenya that they would change the practice whereby Lisa Prather would perform the evaluation and Kenya would act as a scribe.  However, this only occurred a few times, and Kenya was again forced to perform evaluations and discharge services without direct supervision.  Moreover, Lisa Prather was the only licensed occupational therapist employed by Meridian Health and Wellness.  Lisa Prather failed to supervise Kenya and others as required by Indiana and Federal law.

31.     The following conditions of participation apply to occupational therapist assistants for participation in Medicare: (1) a state license and (2) graduated from an accredited program by Accreditation Council for Occupational Therapy Education of the American Occupational Therapy Association, Inc. 42 C.F.R. § 484.115.

32.     Meridian Health and Wellness, employed unlicensed individuals to perform services of an occupational therapist and/or an occupational therapist assistant.  (For example, S.L., was employed by Meridian Health and Wellness.  S.L. graduated from Ball State University with a major in athletic training, however, S.L. did not graduate from a program of

occupational therapy or occupational therapy assistant. Despite lacking the education or licensure as an occupational therapist or occupational therapist assistant, Meridian Health and Wellness, billed S.L.'s services to Medicare as an occupational therapist or occupational therapist assistant.

33. Meridian Health and Wellness also billed the services of its massage therapists as occupational therapists and occupational therapist assistants despite the fact they were unlicensed to perform these services.

34. Another employee of Meridian Health and Wellness, K.W., a licensed occupational therapist assistant, was also not supervised as required by Indiana law.

35. Meridian Health and Wellness knowingly violated federal laws, Medicare laws, regulations, rules, and policies by submitting hundreds of false claims as described above. Meridian Health and Wellness billings falsely represented to Medicare that services rendered by occupational therapist assistants and non-occupational therapist assistants were supervised and services billed by occupational therapists were, in fact, performed by an occupational therapist instead of occupational therapist assistants and non-occupational therapists or non-occupational therapist assistants.

36. The above false and unlawful billing services for Medicare reimbursement were material because Medicare would not have paid these claims had they known the truth.

**Count I**

**VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT BY SUBMITTING CLAIMS FOR TREATMENT OF OCCUPATIONAL THERAPIST ASSISTANTS AND NON-OCCUPATIONAL THERAPIST ASSISTANTS WITHOUT THE REQUISITE PARTICIPATION OF AN OCCUPATIONAL THERAPIST AND SUBMITTING CLAIMS OF OCCUPATIONAL THERAPISTS PERFORMED BY OCCUPATIONAL THERAPIST ASSISTANTS AND NON-OCCUPATIONAL THERAPISTS (MEDICARE)**

37. Relator incorporated paragraphs 1-36 of this Complaint, by reference, in Count III. As described above, Meridian health and Wellness certified and continue to certify that they will comply with all federal and state laws, statutes, regulations and policies. Yet, Meridian Health and Wellness engaged in false and fraudulent practices, as described above, by knowingly submitting claims to Medicare, that they knew would cause Medicare to submit a claim for reimbursement to the Federal Medicare Program.

38. In doing so, Meridian Health and Wellness knowingly violated:

(1) 31 U.S.C. § 3729(a)(1)(A) by presenting or causing to be presented, false and fraudulent claims for payment or approval of The United States, in the form of claims for reimbursement by Medicare related to the treatment of out-patient patients by occupational therapist assistants and non-occupational therapist assistants without requisite participation (supervision) by an occupational therapist and submitting claims by an occupational therapist performed by occupational assistants and non-occupational therapists in violation of State and Federal law.

(2) 31 U.S.C. § 3729(a)(1)(B) by making, using or causing to be made or used, a false record of statement to get a false or fraudulent claim paid or approved by The United States by submitting bills in the name of an occupational therapist when the service is performed by an occupational therapist assistant without direct supervision of an occupational therapist or non-occupational therapist assistant.

## Count II

### RETALIATION AND WRONGFUL DISCHARGE UNDER THE FEDERAL FALSE CLAIMS ACT

39. Relator incorporates paragraphs 1-38 of this Complaint, by reference, in Count I.

40. Under the False Claims Act, 31 U.S.C. § 3730(h), an employee who, because of her efforts to stop one or more violations of the False Claims Act, faces adverse employment action or discrimination, is entitled to relief.

41. As alleged above, Relator engaged in lawful acts in furtherance of her efforts to stop violations of 31 U.S.C. § 3729. Meridian Health and Wellness, was on notice that Relator

9

objected to Meridian Health and Wellness' illegal practices, as described above, which were in violation of the FCA, which violations were protected conditions of payment governing government healthcare claims.  Relator's actions were protected activities.  As a direct result of her efforts, Meridian Health and Wellness retaliated against Relator by harassing, intimidating, and ultimately causing her employment to be terminated.

**WHEREFORE,** Relator, Kenya Fowler respectfully prays for judgment against the Defendant, Meridian Health and Wellness, Inc., as follows:

I. That the Court enter judgment against Meridian Health and Wellness and order that they cease and desist from violating 31 U.S.C. § 3729, *et. seq.*, immediately;

II. That the Court enter judgment against Meridian Health and Wellness in an amount equal to three times the amount of damages that The United States has sustained because of Meridian Health and Wellness' action, plus a civil penalty of not less than $5,500 and not more than $11,000 for each claim submitted in violation of 31 U.S.C. § 3729;

III. That the Court enter judgment against Meridian Health and Wellness pursuant to 31 U.S.C. § 3730(h), including an award to Relator of two times the amount of her back pay, with interest, pain and suffering and mental anguish and compensation for special and general damages including litigation costs and reasonable attorneys' fees;

IV. That the Court enter judgment against Meridian Health and Wellness for the cost of this action, with interest, including the costs to the United States for their expenses related to this action;

V. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3720(d) of the False Claims Act;

VI. That Relator be awarded all costs, attorneys' fees, and litigation expenses;

VII. That The United States and Relator receive all relief, both at law and in equity to which they may reasonably be entitled; and

VIII. That the Court orders any other relief which it deems to be appropriate and just.

Respectfully Submitted,

  / s / Robert E. Saint
Robert E. Saint, Esq.
Of Counsel:
EMSWILLER, WILLIAMS, NOLAND & CLARKE, LLC
8500 Keystone Crossing, Suite 500
Indianapolis, Indiana 46240
Phone: 317-475-4469
Fax: 317-257-8787
Email: rsaint@ewnc-law.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Amended Complaint For Violations of the False Claims Act and The Indiana False Claims and Whistleblower Protection Act. was filed electronically with the Court this 15th day of December, 2020 pursuant to the Court's ECF system with electronic copies to all ECF registered counsel of record via email generated by the Court's ECF system.

By:   / s / Robert E. Saint         .
           Robert E. Saint

Robert E. Saint, Esq.
Of Counsel:
Emswiller, Williams, Noland & Clarke, LLC
8500 Keystone Crossing, Suite 500
Indianapolis, IN 46240-2461
Phone: (317) 257-8787
Fax: (317) 257-9042
Email: rsaint@ewnc-law.com